# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | | |
|---|---|---|
| United States of America<br>v.<br>Tyrone Dvai Taylor<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 1:22MJ 489 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 21, 2022__ in the county of __Forsyth__ in the __Middle__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a Controlled Substance |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Criminal Complaint and attached affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1.

/S/ RUSSELL JOHNSON
*Complainant's signature*

Russell Johnson, Special Agent, ATF
*Printed name and title*

Date: 12/09/22

*Judge's signature*

City and state: Greensboro, North Carolina

L. Patrick Auld, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF SPECIAL AGENT RUSSELL JOHNSON
# IN SUPPORT OF APPLICATION FOR ARREST WARRANT

I, Russell Johnson, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, state as follows:

## AFFIANT'S EXPERIENCE

1. I am an investigative or law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. As a law enforcement officer, I have used and/or participated in a variety of methods investigating firearms and narcotics related crimes, including, but not limited to, visual surveillance, witness interviews, the use of search warrants, confidential informants, undercover agents, pen registers/trap and trace devices, and mobile tracking devices. Based upon information gained through this investigation and others pertaining to firearm trafficking activities of the participant in this investigation, I am familiar with the ways firearm traffickers conduct their business. My familiarity includes the various means and methods by which firearm traffickers acquire and distribute their firearms, their use of cellular telephones, and their use of vehicles in furtherance of firearms trafficking and money transactions.

## PURPOSE OF AFFIDAVIT

3. This affidavit is made in support of an application for a criminal complaint for Tyrone Dvai Taylor.

4. I have probable cause to believe that Taylor did Distribute a Controlled Substance, a mixture and substance of Methamphetamine, 21 U.S.C. § 841(a)(1).

## THE INVESTIGATION – FACTUAL BACKGROUND

5. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause of violation of federal criminal offense, specifically 21 U.S.C. § 841(a)(1).

## PROBABLE CAUSE

6. On or about October 6, 2022, an ATF Confidential Informant[1] (hereinafter, CI) met an individual at Exxon, 1305 North Liberty Street, Winston-Salem, North Carolina, who introduced himself as "Heavy," later identified as Tyrone Dvai Taylor (hereinafter "Taylor"). Taylor informed the CI that he could sell the CI controlled substances and provided the CI with a

---

[1] The CI was compensated by ATF for his/her services and has a history of criminal convictions including at least one felony conviction.

2

small sample of fentanyl. Taylor provided his telephone number to the CI as XXX-XXX-3599. Law enforcement noted the license plate on the vehicle Taylor was driving and confirmed that he had previous contact with law enforcement operating that same vehicle. In addition, following the initial meeting with Taylor, both a UC who was present when the CI initially met Taylor, and the CI himself, identified Taylor from his North Carolina driver's license.

7. ATF conducted a field-test of the fentanyl and it tested positive for the presence of fentanyl and weighed approximately 1.6 grams. The fentanyl was sent to the Drug Enforcement Administration (DEA) laboratory for analysis and the results showed a weight of 0.129 grams of N-Phenyl-N-(2-phenylethyl)-4-piperidinyl] propenamide (Fentanyl).

8. On October 7, 2022, the CI contacted Taylor at the provided phone number and arranged a one (1) ounce methamphetamine transaction. Taylor agreed to meet the CI at the Exxon, 1305 North Liberty Street. When Taylor arrived, he parked at a gas pump, next to the undercover vehicle (hereinafter, UCV). The CI and an ATF Special Agent, acting in an undercover capacity (hereinafter, UC), exited the UCV and interacted with Taylor through his open driver side window. Taylor handed the CI a clear plastic bag containing the methamphetamine and in return, UC and CI each handed Taylor $200, for a total of $400 to complete the transaction.

3

9. This transaction was audio/video recorded and the funds used for the purchase were prerecorded. ATF conducted a field-test of the methamphetamine and it tested positive for the presence of methamphetamine and weighed approximately 28.95 grams. The methamphetamine was sent to the Drug Enforcement Administration (DEA) laboratory for analysis and the results showed the official weight to be 28.19 grams with 100% purity.

10. On October 11, 2022, the CI arranged to purchase two (2) ounces of methamphetamine from Taylor. Taylor originally agreed to meet at the Exxon; however then changed the location to the Kentucky Fried Chicken, 1125 North Liberty Street. When Taylor arrived, he pulled behind the UCV and then departed, followed by the UCV. The CI called Taylor and confirmed that he wanted UC and the CI to follow him, which he answered in the affirmative. Taylor eventually stopped in front of 335 Crafton Street, Winston-Salem, North Carolina. UC and the CI exited the UCV and contacted Taylor through his open driver side window. UC and the CI each handed Taylor $400, for a total of $800, and in return, Taylor handed the CI a clear plastic bag containing the methamphetamine.

11. The above transaction was audio/video recorded and the funds used for the purchase were prerecorded. ATF conducted a field-test of the methamphetamine and it tested positive for the presence of methamphetamine and weighed approximately 57.23 grams. The methamphetamine was sent to

4

the Drug Enforcement Administration (DEA) laboratory for analysis and the results showed the weight to be 56.21 grams with 99% purity.

12. On October 21, 2022, the CI arranged for the purchase of two (2) ounces of methamphetamine from Taylor. Taylor agreed to meet at Taco Bell, 1695 Westbrook Plaza Drive, Winston-Salem, North Carolina. When Taylor arrived, UC exited the UCV and contacted Taylor through his open driver side window. UC handed Taylor $800 and in return, Taylor handed UC a clear plastic bag containing methamphetamine.

13. The October 21, 2022, transaction was audio/video recorded and the funds used for the purchase were prerecorded. ATF conducted a field-test of the methamphetamine and it tested positive for the presence of methamphetamine and weighed approximately 57.12 grams. The methamphetamine was sent to the Drug Enforcement Administration (DEA) laboratory for analysis and the results showed the weight to be 55.78 grams with 99% purity.

## CONCLUSION

14. Based on the foregoing facts and circumstances, I respectfully submit that there is probable cause to believe that on October 21, 2022, within the Middle District of North Carolina, Tyrone Dvai Taylor committed the

5

Case 1:22-mj-00489-LPA   Document 1   Filed 12/09/22   Page 6 of 7

following criminal offense: Possession with Intent to Distribute a Controlled Substance, Methamphetamine, 21 U.S.C. § 841(a)(1).

/S/ RUSSELL JOHNSON
Russell Johnson, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Dated: December 9th, 2022

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this written affidavit.

Honorable L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina

6

Case 1:22-mj-00489-LPA   Document 1   Filed 12/09/22   Page 7 of 7